980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Raymond D. THOMPSON, Appellant,
v.
ARKANSAS DEPARTMENT OF HUMAN SERVICES, Appellee.
 No. 92-2039.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 23, 1992.
Filed: December 1, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Raymond D. Thompson, an African American, appeals from the magistrate judge's[1] final judgment in favor of the Arkansas Department of Human Services (ADHS) dismissing his Title VII complaint with prejudice. We affirm.
 
 
 2
 In July 1990, Thompson timely filed this Title VII action against ADHS alleging that ADHS's failure to employ him for three different positions was due to his race and sex. Following trial, the magistrate judge accepted the testimony of ADHS's witnesses that Thompson did not meet the minimum qualifications for the Administrative Assistant position; the Document Examiner position was filled through ADHS's Transfer/Career Path Program (the "Program"); the Program was in effect while Thompson's applications were active; and Thompson was not considered for the Social Services Aide position because his name did not appear on the "register" prepared before he submitted his application, and not for any reasons based on race or gender. As a result, the magistrate judge found that Thompson failed to establish a prima facie case of discrimination with respect to the Administrative Assistant position, and that Thompson failed to prove that ADHS did not hire him for any reasons based on race or gender with respect to the other two positions. The magistrate judge also determined that the Program was "both Constitutional and in accordance with [s]tate [s]tatutes." Accordingly, the magistrate judge concluded that ADHS did not violate Title VII or the Constitution and dismissed Thompson's complaint.
 
 
 3
 On appeal, Thompson argues that the magistrate judge's findings are clearly erroneous. He argues that the Program violates Article I, Section 10 of the Constitution because it impairs the "obligation of contract," and Article VI of the Constitution because it does not comply with "relevant superior federal statutes." Thompson also argues that the Program violates the Fourteenth Amendment, 5 U.S.C. § 2302(b), and Ark. Code Ann. § 25-10-106(b) (1992). Thompson argues that the judgment violates Federal Rules of Civil Procedure 49(b) and 54(c). Finally, Thompson argues that ADHS's statistical figures support his argument that ADHS discriminates against black males.
 
 
 4
 We review the magistrate judge's "factual findings under the clearly erroneous standard, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses." Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 563 (8th Cir. 1992). After carefully reviewing the record, we conclude that the magistrate judge's findings are well-supported by the testimony and evidence and thus, are not clearly erroneous. The statistical evidence introduced by ADHS fails "to uncover clandestine and covert discrimination by" ADHS, see International Bhd. of Teamsters v. United States, 431 U.S. 324, 340 n.20 (1977), or to show that ADHS engaged in systematic personnel policies and practices designed to exclude African Americans and males.
 
 
 5
 We decline to address Thompson's remaining arguments because they were not properly raised below or they are meritless.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)